# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DAVID OELBERG,

          Appellant,

      v.

DEPARTMENT OF AGRICULTURE,

          Agency.

DOCKET NUMBERS
PH-0432-18-0114-C-1
PH-531D-17-0196-C-1

DATE: April 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David Oelberg</u>, Selinsgrove, Pennsylvania, pro se.

<u>Dora Malykin</u>, Washington, D.C., for the agency.

<u>Sandy S. Francois</u>, Kenner, Louisiana, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement, finding that he failed to meet his burden of proving a breach of the settlement agreement. Generally, we grant petitions such as this one only in the following circumstances:  the compliance

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the compliance initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the compliance initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the agency's characterization of the lump sum payment, we AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On June 28, 2019, the appellant and the Department of Agriculture entered into a settlement agreement. *Oelberg v. Department of Agriculture*, PH-0432-18-0114-C-1, Compliance File (CF), Tab 1 at 7-13.[2] Thereafter, the appellant filed the instant petition for enforcement, alleging that the agency breached the settlement agreement. *Id.* at 3. He alleged that, although the agency paid him a $20,000 lump sum pursuant to the settlement agreement, it incorrectly characterized the payment as "other income" in a tax form filed with the Internal Revenue Service (IRS), as opposed to characterizing it as "Gross proceeds paid to an attorney." *Id.* at 3, 15. According to the appellant, this characterization will

---

[2] The settlement agreement here resolved two underlying appeals, MSPB Docket No. PH-0432-18-0114-I-1 and PH-531D-17-0196-I-1. Upon the filing of the appellant's petition for enforcement, the two appeals were joined, resulting in one compliance initial decision and one petition for review. All of the record citations in this decision are from the appeal docketed as PH-0432-18-0114-C-1.

result in a higher tax burden on him. *Id.* at 3. The appellant further alleged that, although he is banned from employment in the agency's Animal Care Division under the agreement, the agency breached the settlement agreement by preventing him from receiving employment in other divisions of the Department of Agriculture and other Federal agencies. *Id.*

The administrative judge advised the appellant of his burden of establishing that the agency breached the agreement. CF, Tab 5 at 2-3. Following the appellant's response, the administrative judge issued an initial decision denying the petition for enforcement. CF, Tab 6, Tab 9, Compliance Initial Decision (CID) at 1-2. The administrative judge found that the agency's reporting of the $20,000 as "other income" did not violate the settlement agreement. CID at 7-9. He further found that the appellant failed to meet his burden of proving by preponderant evidence that the agency banned him from Federal employment in violation of the settlement agreement. CID at 9-12.

The appellant filed a petition for review, and the agency responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant additionally filed a motion for sanctions against the agency, alleging that its response to his petition for review was untimely.[3] PFR File, Tab 4. The agency responded to the appellant's request for sanctions, asserting that it was not untimely in its original response. PFR File, Tab 5. Finally, the appellant has replied to the agency's original response to his petition for review. PFR File, Tab 7.

---

[3] Contrary to the appellant's assertion, the agency's response to his petition for review was not untimely. In an acknowledgment order, the Clerk of the Board informed the parties that the agency may file a response on or before July 28, 2019. PFR File, Tab 2 at 1. Because the deadline to file a response fell on a Sunday, the filing period included the first workday after that date. 5 C.F.R. § 1201.23. Thus, the agency's response filed on Monday, July 29, 2019, was timely filed, and we deny the appellant's motion for sanctions.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant failed to prove that the agency breached the settlement agreement.</u>

As the party asserting noncompliance, the appellant bears the burden of proving by preponderant evidence that the agency breached the settlement agreement; however, following the appellant's filing of a petition for enforcement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Perkins v. Department of Veterans Affairs*, 105 M.S.P.R. 289, ¶ 7 (2007). Further, the appellant must show not only that the agency acting in a manner that is inconsistent with a term of the settlement agreement, but that there was material noncompliance with a settlement term. *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). "A breach is material when it relates to a matter of vital important, or goes to the essence of the contract." *Thomas v. Department of Housing and Urban Development*, 124 F.3d 1439, 1142 (Fed. Cir. 1997).

> *We modify the administrative judge's analysis of the agency's characterization of the lump sum payment, but still conclude that he properly found that the agency's characterization was not a breach of the settlement agreement.*

On review, the appellant challenges the finding that the agency's characterization of the lump sum as "other income," as opposed to "Gross income paid to an attorney," was not a breach of the settlement. PFR File, Tab 1 at 3. Specifically, he argues that the administrative judge erred in relying on *Commissioner of Internal Revenue v. Banks*, 543 U.S. 426 (2005), in finding that the agency's characterization of the lump sum payment did not breach the settlement agreement. *Id.* He alleges that *Commissioner* is distinguishable from the instant appeal because it involved the payment of attorneys' fees, whereas this appeal involves the reimbursement for attorneys' fees already paid by the appellant. PFR File, Tab 1 at 3. The administrative judge held that, under the Supreme Court's precedent in *Commissioner*, the agency was required to report

the lump sum payment as income to the plaintiff, even if it paid the attorney's fees directly to the appellant's attorney. CID at 8. The appellant cites no authority in support of his distinction between payments for attorneys' fees and reimbursements for attorneys' fees already paid, but rather, merely disagrees with the administrative judge's conclusions, which we see no reason to disturb. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision). However, even assuming arguendo that the Supreme Court's holding in *Commissioner* does not apply, the appellant has nonetheless failed to meet his burden of proving that the agency breached the settlement by characterizing the lump sum as "other income."

The administrative judge found that, regardless of the holding in *Commissioner*, the lump sum payment here was paid to the appellant, not to his attorney, and thus the labeling of such a payment as "Gross proceeds paid to an attorney" would be incorrect. CID at 7-8. We agree, and modify his findings to supplement the analysis regarding the agency's characterization of the lump sum payment under the actual terms of the agreement.

The Board interprets settlement agreements by applying the law of contracts. *Felch v. Department of the Navy*, 112 M.S.P.R. 145, ¶ 8 (2009). In construing the terms of a written settlement agreement, the words of the agreement itself are of paramount importance. *Id.* Moreover, in construing a settlement agreement, the Board examines the four corners of the agreement to determine the parties' intent. *Id.* The agreement here states that the agency "makes no representations regarding any [F]ederal, state, or local tax liability which may be incurred by Appellant as a result of this payment." CF, Tab 1 at 8. It further states that the agency "will report the payment amount to the [IRS]," and that "[a]ny disputes over taxes are between the IRS and Appellant, and not the Agency." *Id.* The agreement makes no distinction as to how the agency will characterize the payment for tax purposes, and thus, the agreement does not

require the agency to characterize the payment in any particular way. Rather, pursuant to the settlement agreement, any dispute over the taxes is between the appellant and the IRS, not the agency. CF, Tab 1 at 8. Accordingly, we agree with the administrative judge that the appellant failed to meet his burden of proving that the agency's characterization of the lump sum payment breached the settlement agreement.[4]

> *The administrative judge properly found that the appellant failed to prove that the agency banned him from employment in violation of the settlement agreement.*

The appellant further challenges the administrative judge's holding that, outside of the Animal Care Division, the agreement was silent as to what the agency could and could not do concerning the appellant's efforts to obtain Federal employment. PFR File, Tab 1 at 3-4. He takes umbrage with the administrative judge's assertion that the agency's interference with his job applications, if proven, would nonetheless not constitute a breach of the settlement agreement. *Id.* He additionally challenges the finding that actions taken by agency officials prior to the signing of the settlement agreement could not evidence a breach of the agreement. *Id.* at 4.

The administrative judge found that the agreement in no way barred the agency from giving the appellant negative reviews for future applications for employment. CID at 9-10. He further noted that actions taken by an agency employee prior to the settlement agreement "cannot be considered as evidence that a breach occurred." CID at 6 n.3. The appellant cites no authority casting doubt on the administrative judge's findings. Mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision.

---

[4] The appellant further argues that the agency failed to submit evidence of its compliance with the settlement agreement, as required, and that the administrative judge erred by issuing a decision without such evidence. PFR File, Tab 1 at 3. However, he is not alleging that the agency failed to pay him the $20,000. CF, Tab 1 at 3, 15. His own submission, which demonstrates that the agency did in fact pay him the $20,000, demonstrates that the agency met its burden of showing compliance.

*Yang*, 115 M.S.P.R. 112, ¶ 12. Accordingly, we see no reason to disturb the administrative judge's finding that the appellant provided no evidence of the agency interfering with his applications. CID at 10.

The appellant also argues that the agency failed to submit evidence of its compliance with the settlement agreement regarding his alleged ban from employment. PFR File, Tab 1 at 3. However, the agency submitted sworn statements from various agency personnel asserting that they have not had communications with prospective employers concerning the appellant and that they were not interfering with his applications for employment in any way. CF, Tab 7 at 19-25. The sworn statements additionally explain why, with regards to the appellant's applications within the agency, the appellant was not referred.[5] *Id.* at 19-23. We therefore find the appellant's argument that the agency failed to submit evidence of compliance unavailing.

We find unpersuasive the appellant's assertion that the administrative judge engaged in ex parte communications with the agency.

On review, the appellant alleges that the agency and the administrative judge engaged in prohibited ex parte communications. PFR File, Tab 1 at 3. He alleges that the initial decision contains statements attributed to the agency that are not in the record. *Id.* As an example, he notes that the initial decision attributes the agency with pointing out that three of the five positions the appellant was not selected for were not with the agency. *Id.* We find the appellant's assertion unavailing.

The Board's regulations describe prohibited ex parte communications as those communications made between a decision-making official of the Board and an interested party to a proceeding when the communication is made without giving the other parties to the appeal a chance to participate and where the communication involves the merits of the case. 5 C.F.R. § 1201.101; *see*

_____

[5] One of the applications was for current agency employees only, which the appellant was not. CF, Tab 7 at 20. The other required graduate-level education or experience which the appellant did not have. *Id.* at 23.

*Gubino v. Department of Transportation*, 80 M.S.P.R. 442, 444 (1998). The appellant's original submission includes a screenshot of his USA Jobs profile, which shows three unsuccessful applications for employment with agencies other than the Department of Agriculture. CF, Tab 1 at 16-17. Moreover, in both of its submissions below, the agency stated that the appellant's applications were to multiple Federal agencies, not just the Department of Agriculture. CF, Tab 4 at 5, Tab 7 at 7. The appellant provides no other evidence or argument in support of his allegation that the agency engaged in prohibited ex parte communications with the administrative judge. Based on the foregoing, we find that there is no evidence to support a finding of prohibited ex parte communications.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:
         *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.